JAMES LESLIE WAYNE FLYNN, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 9197

April 21, 1977                    562 P.2d 1135

*William N. Dunseath,* Washoe County Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Reno, for Appellant.

*Robert List,* Attorney General; *Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

Convicted by jury of forcible rape, battery with a deadly weapon, robbery, and burglary, appellant here contends (1) the evidence was not sufficient to sustain his conviction of either robbery or burglary, and (2) the district court erred in refusing to instruct the jury on the issue of consent as to the rape charge. We disagree.

Shortly before midnight on December 6, 1975, appellant Flynn and his accomplice, a man who has never been identified or arrested, assumed a position outside the apartment of Suzanne Wells. At approximately 1:30 a.m. on December 7, 1975, when Ms. Wells left her apartment to go to work at the Silver Spur in Reno, she was accosted by appellant's accomplice. She screamed and appellant's accomplice struck her in the mouth with his fist, knocking her to the ground. Appellant then emerged and struck her with a tire iron. The victim pleaded for her life. Appellant responded that he "had to kill her," and struck her a severe blow in the head with the tire iron. The two assailants, having located the victim's keys, carried the victim back to her apartment and threw her on a bed located in her bedroom. Stunned, bleeding from her head wound, and fearing for her life, the victim volunteered the location in her apartment of approximately one hundred and ninety dollars. Appellant located the money, returned to the bedroom, disrobed the victim, and engaged her in sexual intercourse. After appellant completed his sex act, he told his accomplice to take "his turn." Over the victim's objections, the accomplice also engaged the victim in sexual intercourse. Thereafter assailants gagged the victim, bound her hands and feet, and departed in her automobile.

1. Appellant contends the robbery conviction was improper because the evidence failed to establish that the taking was against the will of the victim.[1] Appellant argues the money was "offered" to him by Ms. Wells in an effort to divert his attention from his announced intention to kill her, and thus, was not taken against her will.

While Ms. Wells admittedly offered appellant her money, such offer was the product of appellant's prior acts of violence and threatening conduct. Under these circumstances, the jury was justified in finding the money was taken from Ms. Wells against her will. *See* Wheeler v. State, 91 Nev. 119, 531 P.2d 1358 (1975). *Cf.* Norman v. Sheriff, 92 Nev. 695, 558 P.2d 541 (1976); State v. Luhano, 31 Nev. 278, 102 P. 260 (1909); People v. Winters, 329 P.2d 743 (Cal.App. 1958); Application of Massie, 283 P.2d 573 (Okl.Crim.App. 1955).

---

[1] NRS 200.380 defines robbery, in pertinent part, as "the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, . . ."

2. Appellant next contends the burglary conviction was improper because, at the time he entered the victim's apartment, he lacked the intent to commit a felony.[2]

However, the intention with which appellant entered Ms. Wells' apartment is a question of fact which may be inferred from appellant's conduct and other circumstances disclosed by the evidence. Here, appellant and his accomplice carried Ms. Wells directly to her bedroom and, shortly thereafter and against her will, had sexual intercourse with her. In our view, appellant's felonious intent to commit rape may reasonably be inferred from these facts and, thus, the burglary conviction will not be disturbed. *See* People v. Matson, 528 P.2d 752 (Cal. 1974); People v. Bard, 447 P.2d 939 (Cal. 1968).

3. Finally, appellant contends the district court erred in refusing to give his proposed instruction on the issue of consent with respect to the rape charge. His proffered instruction read: "Consent given at any time prior to penetration deprives the subsequent intercourse of its criminal character, regardless of how reluctantly it was given, or of how much force had theretofore been employed."

This instruction is an incorrect statement of our law regarding the consent which negates the crime of rape and, therefore, was properly refused. *See* Dinkens v. State, 92 Nev. 74, 546 P.2d 228 (1976); Ricci v. State, 91 Nev. 373, 536 P.2d 79 (1975).

Other issues raised by appellant are frivolous and without merit. The judgment is affirmed.

---

[2]NRS 205.060 provides, in pertinent part:

"1. Every person who . . . enters any house, room, apartment . . . or other building . . . with intent to commit . . . any felony, is guilty of burglary."