MICHAEL KERSHAW, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 9203

May 23, 1977                                      564 P.2d 607

---

*Horace R. Goff,* State Public Defender, and *J. Thomas Susich,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, *D. Geno Menchetti,* Chief Deputy Attorney General, and *Patrick B. Walsh,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

The prosecuting attorney agreed to forego filing charges of felony narcotic offenses, alleged to have been committed by Michael Kershaw in the Nevada State Prison. In exchange for this agreement, Kershaw entered a solemn plea of guilty to a charge of having escaped from prison, a violation of NRS 212.090.[1] He was sentenced to a five year term, to run consecutively with sentences previously imposed for felony convictions in Arizona and in Ohio.

Kershaw, obviously disenchanted because the sentence was "consecutive" rather than "concurrent," has appealed claiming that his constitutional rights were violated because the sentencing judge relied on (1) an inaccurate pre-sentence report; and, (2) records of the juvenile court which showed that Kershaw, as a juvenile, had committed a number of "felony" offenses.

When sentence was imposed, the trial judge declined to consider portions of the pre-sentence report which Kershaw then

---

[1] NRS 212.090 provides in part: "Every prisoner confined in a prison, or being in the lawful custody of an officer or other person, who shall escape or attempt to escape from such prison or custody, if he is held on a charge, conviction or sentence of:

"1.   A felony, shall be punished:

". . . .

"(b) . . . by imprisonment in the state prison for not less than 1 year nor more than 10 years."

challenged. We decline to consider challenges to other portions of the report, which are now advanced for the first time. Moser v. State, 91 Nev. 809, 544 P.2d 424 (1975). *Cf.* Thomas v. State, 88 Nev. 382, 498 P.2d 1314 (1972). Furthermore, at sentencing, the district judge stated: "I am not basing my decision on the juvenile record." Thus, in the context presented, we consider Kershaw's claims of error as being patently frivolous. Burks v. State, 92 Nev. 670, 557 P.2d 711 (1976). *Cf.* Tollett v. Henderson, 411 U.S. 258 (1973).

Affirmed.