JOHN THOMAS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 9812

November 17, 1977                    571 P.2d 113

*Horace R. Goff,* State Public Defender, and *Robert B. Walker, Jr.,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, and *Patrick B. Walsh,* Deputy Attorney General, Carson City, for Respondent.

**OPINION**

*Per Curiam:*

John Thomas was convicted, by jury verdict, of attempted escape from the Nevada State Prison where he was serving three consecutive ten-year sentences for burglary, robbery and escape. A consecutive sentence of twelve (12) years was imposed as enhanced punishment because Thomas was adjudicated to be an habitual criminal.

In this appeal Thomas asks that we reverse because of (1) infirmities regarding proof of his prior convictions; (2) the failure of the trial judge to give a requested jury instruction; and, (3) erroneous information in the parole and probation report.

1.    The validity of the two prior convictions was not challenged in the trial court. In fact, during trial, Thomas stipulated that exemplified copies of those two convictions (entered in 1975 pursuant to guilty pleas on charges of robbery and burglary), "shall be taken as evidence of the charge of Habitual Criminal, as alleged in Count II of the information."

Under these circumstances, and "[i]nasmuch as there was no objection by defense counsel . . . we decline to consider the assigned error, which was raised for the first time on appeal." Allen v. State, 91 Nev. 78, 81–2, 530 P.2d 1195, 1197 (1975). *See* Osborne v. United States, 351 F.2d 111, 120 (8th Cir. 1965), where, under analogous facts, the court said: "It is fundamental that issues not raised in the trial court cannot be raised upon appeal."

2.    The requested jury instruction did not correctly state the law; thus, the judge's refusal to give the instruction did not constitute error. *See* Flynn v. State, 93 Nev. 247, 562 P.2d 1135 (1977), and cases cited therein.

3.    Since there was no challenge below to the now-alleged "erroneous" information in the probation report, we decline to consider the claim for the first time at this juncture. *See*

Kershaw v. State, 93 Nev. 290, 564 P.2d 607 (1977). *Cf.* Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976).

Having examined the briefs and record, we order this appeal submitted on such briefs and, finding it without merit, hereby affirm. NRAP 34(f)(1).