## JOHN LEE KIRKLAND, Appellant v. The STATE OF NEVADA, Respondent.

### No. 10242

February 7, 1979          590 P.2d 156

*Morgan D. Harris,* Public Defender, and *Robert B. Amundson,* Deputy Public Defender, Clark County, for Appellant.

*Robert J. Miller,* District Attorney, *H. Leon Simon,* Chief Appellate Deputy District Attorney, and *Roberta J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Thompson, J.:

John Lee Kirkland was convicted of two robberies and two

burglaries. He contends that his trial was prejudiced by reason of a juror's comment, and by certain remarks of the prosecutor in closing argument. Moreover, he asserts that the sentences imposed are prohibited. We are asked to annul the convicitions and order a new trial, or, at the very least, to set aside the sentences for burglary. We find no error, and affirm.

The crimes occurred at the Hilton Hotel, Las Vegas. A hotel guest, Lawrence Duncan, was in his room, number 2674, with his friend, James Brovold. During the evening, Kirkland and his companion, Anthony Curtis Jones, a codefendant at trial, pushed the hotel room door open and entered without permission, one of them stating, "we are going to rob you." Kirkland kicked Duncan in the head, knocking him unconscious and bleeding to the floor. Duncan and Brovold then were bound and robbed.

In response to Kirkland's question as to the location of his money, Brovold replied that it was in his room. Kirkland took the key to Brovold's room, number 2720, and departed. Jones left shortly thereafter. Duncan and Brovold freed themselves and notified hotel security. Kirkland was apprehended as he left Brovold's room which had been ransacked. Jones was seized in the hotel parking lot. We turn briefly to discuss the assigned errors.

1. During cross-examination, a security guard of the Hilton Hotel was asked by defense counsel whether he applied pressure to Kirkland's arm to gain information, whereupon a juror inquired, "What has this to do with a robbery?". Defense counsel moved for a mistrial. He contends that the juror's question was a conversation with fellow-jurors on a subject connected with the trial, a commentary on the trial heard by the other jurors; and, that the comment indicated a prematurely formed opinion as to Kirkland's guilt; all in violation of NRS 175.401.[1]

The juror's inquiry obviously is not prohibited by the mentioned statute. It did not amount to a "conversation" within

---

[1]NRS 175.401. Jury to be admonished at each adjournment. At each adjournment of the court, whether the jurors are permitted to separate or depart for home overnight, or are kept in charge of officers, they shall be admonished by the court that it is their duty not to:

1. Converse among themselves or with anyone else on 'any subject connected with the trial;

2. Read, watch or listen to any report of or commentary on the trial or any person connected with the trial by any medium of information, including without limitation newspapers, television and radio; or

3. If they have not been charged, form or express any opinion on any subject connected with the trial until the cause is finally submitted to them.

the contemplation of section 1. Neither was it a commentary by a "medium of information" within the sweep of section 2. Contrary to the appellant's insistence, the juror's inquiry does not indicate a premature opinion of guilt. Indeed, when questioned by the judge, the juror stated that he had not formed an opinion as to guilt or innocence. It is apparent that he simply wanted to know the relevancy of the question put to the witness by defense counsel.

2.    During summation, defense counsel said: "I have no problems with this case. I think Mr. Kirkland is innocent. I don't believe the State has proved its burden beyond a reasonable doubt."[2]

During rebuttal argument, and in response, the prosecutor stated that defense counsel "does not have any facts to support this theory."

It is asserted that the prosecutor's responsive argument was a comment upon the defendant's failure to testify and constitutionally impermissible. Griffin v. California, 380 U.S 609 (1965). A prosecutorial reference to uncontradicted evidence or testimony is permissible and does not offend constitutional proscriptions. Septer v. Warden, 91 Nev. 84, 530 P.2d 1390 (1975); Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965); McNeeley v. State, 81 Nev. 663, 409 P.2d 135 (1965). In our view, a statement that defense counsel has no facts to support his theory that the accused is innocent falls into the same category with a comment that the State's evidence is uncontradicted.

3.    Relying upon People v. Diaz, 427 P.2d 505 (Cal. 1967), Kirkland seeks to annul his sentences for burglary as multiple punishment based upon a single transaction. Cal. Pen. Code § 654, in most instances, prohibits such punishment. Cf. People v. Miller, 558 P.2d 552 (Cal. 1977).

In Nevada, however, statute directs multiple punishment where a person in the commission of a burglary, commits another crime.[3] Flynn v. State, 93 Nev. 247, 562 P.2d 1135

---

[2]Nevada Supreme Court Rule 194(8).    A lawyer should not assert in argument his personal belief in the integrity of his client or of his witnesses or in the justice of his cause which is unrelated to a fair analysis of the evidence touching these matters.

Defense counsel's expressed belief that his client was innocent violated this rule.

[3]NRS 205.070:    Every person who, in the commission of a burglary, shall commit any other crime, shall be punished therefor as well as for the burglary, and may be prosecuted for each crime separately.

(1977). Since our statutory scheme is different than California's, case authority from that jurisdiction is not persuasive. Woods v. State, 94 Nev. 435, 581 P.2d 444 (1978).

Judgments and sentences are affirmed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.