ANTHONY CURTIS JONES, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10248

September 27, 1979                          600 P.2d 247

---

*Howard M. Miller,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Anthony Curtis Jones appeals his conviction on two counts of burglary and two counts of robbery. He challenges these convictions on the grounds that there was (1) an unduly suggestive pretrial identification; (2) a denial of the right to confront and cross-examine the source of incriminating evidence; (3) a failure by the trial court to question all jurors after an in-court comment by one juror; (4) insufficient evidence; and (5) a violation of the prohibition against double jeopardy.

The events that form the basis of the conviction occurred at the Hilton Hotel in Clark County on August 29, 1976. Lawrence Duncan and James Brovold, guests at the hotel, were having drinks and conversing in Duncan's room when one

John Lee Kirkland and an accomplice pushed open the door and entered without permission. One of the intruders stated, "We are going to rob you". Both intruders crossed the room to where the victims were seated. Kirkland's accomplice struck Duncan. As Duncan rose to defend himself, Kirkland hit Duncan from behind, and he lost consciousness for a short time. Both victims were bound and robbed. Kirkland then took Brovold's room key and said, "I'll go up to his room and get his money". The accomplice remained in the room for a few minutes before departing. In the meantime, Duncan regained consciousness. After the accomplice left the room, the victims freed themselves and notifed hotel security. Neither victim was able to give a detailed description of the assailants. Brovold told hotel security that they had been robbed by "two colored guys".

Kirkland was apprehended by security guards as he left Brovold's room. In response to questions asked by the guards, Kirkland described his car and his accomplice. Hotel security dispatched the descriptions to the guards patrolling the parking lot. Appellant was apprehended in the parking lot by hotel security guards and was taken to the hotel security office. No evidence of the crime was found on Jones; however, a handkerchief belonging to Duncan was found in Kirkland's car, wrapped around some coins.

Jones and Kirkland were charged by an information alleging two counts of robbery and two counts of burglary. Following a joint trial by jury, the defendants were found guilty of all charges. Kirkland's conviction was affirmed by this court.[1] Jones filed the present appeal from his conviction.

At the trial both victims positively identified Jones as one of the robbers. Jones contends that the pretrial identification procedure was unduly suggestive, thus violating due process and tainting the in-court identifications.

The record shows that approximately thirty to forty-five minutes after the crimes occurred, a hotel security guard escorted the two victims to the security office for the purpose of viewing two suspects. Enroute, the guard told Duncan and Brovold that he believed the suspects were the ones who had committed the crimes. In fact, the guard mentioned that one had been caught leaving Brovold's room. In the security office, each victim gave a statement to police officers and viewed the two suspects in the presence of the police. Each victim identified Jones and Kirkland as the robbers.

---

[1] Kirkland v. State, 95 Nev. 83, 590 P.2d 156 (1979).

The pretrial identification preceded formal charges; therefore, it is governed by the standard of Stovall v. Denno, 388 U.S. 293 (1967); Manson v. Braithwaite, 432 U.S. 98 (1977). Considering the totality of the circumstances, the test is whether "the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellant] was denied due process of law". *Stovall*, 388 U.S. at 301–302. Reliability is the paramount concern. *Manson*, 432 U.S. at 114.

An on-the-scene confrontation between eyewitness and suspect is inherently suggestive because it is apparent that law enforcement officials believe they have caught the offender. However, such a confrontation may be justified by countervailing policy considerations. For example, a victim's or eyewitness' on-the-scene identification is likely to be more reliable than a later identification because the memory is fresher. In addition, prompt identifications serve to exonerate innocent people more expeditiously. Banks v. State, 94 Nev. 90, 93, 575 P.2d 592, 595–596 (1978).

Here, the pretrial identification of Jones was not a denial of due process. Each victim had an opportunity to view the suspects at close range during the robbery.[2] The confrontation took place a few minutes after the crime and Jones was immediately identified by each victim as being one of the robbers.

Ordinarily, the weight and credibility of identification testimony is solely within the province of the jury. Wise v. State, 92 Nev. 181, 183, 547 P.2d 314, 315 (1976). We will not usurp that function, especially where, as here, the record supports a finding that the pretrial identification of Jones had sufficient indicia of reliability to remove any taint of suggestiveness.

Jones further contends that the admission of the description given to the guards denied him the right to confront and cross-examine the declarant of incriminating information. Kirkland had described his vehicle and his accomplice when questioned

---

[2]Facts relating to the victim's lack of opportunity or ability to perceive the robbers were thoroughly explored during the trial. In particular, Jones notes that Duncan had been drinking and was not wearing his bifocals. Also, Jones argues that there was insufficient time to observe the robbers. *Cf.* Riley v. State, 86 Nev. 244, 468 P.2d 11 (1970) (seven second observation during robbery).

by the security officers. On direct examination, one of the guards stated that he stopped Jones as a result of the description radioed to him by the security dispatcher.[3]

Thereafter, on cross-examination, Jones' attorney elicited details of the description from the security guard. Given his participation in the alleged error, Jones is estopped to raise any objection on appeal. *See* Revuelta v. State, 86 Nev. 587, 472 P.2d 343 (1970) (defense counsel elicited testimony concerning two other offenses). Moreover, Kirkland's description of Jones merely enabled security officers to apprehend Jones near the scene of the crime. Jones was not on trial because of the description. He was tried because of his furtive movements when approached by security guards, the positive identification by the victims, and the fruits of the crime found in Kirkland's car. *Cf.* Jones v. State, 93 Nev. 287, 564 P.2d 605 (1977); Miller v. State, 86 Nev. 503, 471 P.2d 213 (1970) (these cases involved nondisclosure of identity of informer where information led to apprehension of defendant). Kirkland's role was analagous to that of an informer. His information led to Jones' detention. There was no denial of the right to confront an adverse witness.

Jones also complains that the trial judge improperly denied permission to question all jurors about whether they had formed a premature opinion of guilt, and erroneously denied his motion for mistrial.

During cross-examination of a security guard concerning the use of force on Kirkland, a juror exclaimed, "What has this to do with a robbery?" The trial judge questioned the individual juror to be certain he had not formed a premature opinion of guilt.[4]

Whether or not examination of the entire panel is warranted lies within the trial judge's discretion. Arndt v. State, 93 Nev. 671, 675, 572 P.2d 538, 541 (1977); United States v. Panebianco, 543 F.2d 447, 457 (2d Cir. 1976), *cert. denied* 429 U.S. 1103; State v. Thayer, 458 P.2d 831, 836 (N.M. 1969).

---

[3]The fact that Kirkland gave the original description was not mentioned at the trial. The content of the description was not brought out on direct examination.

[4]As we noted in Kirkland v. State, 95 Nev. 83, 590 P.2d 156 (1979), this juror's remark was not prohibited by NRS 175.401 which prohibits conversation, comment or opinion on any subject connected with the trial.

There is no evidence to indicate the juror's spontaneous question affected the rest of the jury. Consequently, the trial judge did not abuse his discretion in denying the motion for mistrial, Sorce v. State, 88 Nev. 350, 353, 497 P.2d 902, 904 (1972), and in denying appellant's request to interrogate the entire panel.

Additionally, Jones argues that there is insufficient evidence to establish that he was the perpetrator of any crime. A jury verdict in a criminal prosecution will not be reversed if there is any substantial evidence to sustain it. Criswell v. State, 84 Nev. 459, 465, 443 P.2d 552, 556, *cert. denied* 400 U.S. 946 (1968); Porter v. State, 94 Nev. 142, 576 P.2d 275 (1978).

With respect to the burglary of Duncan's room and the two robberies committed there, the positive identification by, and the direct testimony of, the victims was sufficient to sustain the conviction on those three counts. The record shows that Jones did not actually accompany Kirkland into Brovold's room, where the second burglary occurred. However, Jones stayed with the two victims for several minutes after Kirkland left. A jury could reasonably infer that Jones was enabling Kirkland to complete the burglary before the victims had an opportunity to notify security. Thus, Jones was properly tried and convicted as a principal in the second burglary. NRS 195.020.[5]

Finally, Jones contends that he was twice convicted for the same crime. Specifically, he believes that the burglary convictions were multiplicitous because they "are factually and necessarily included in the robberies." We disagree.

"No person shall be subject to be twice put in jeopardy for the same offense." Nev. Const. art. 1, § 8, U.S. Const. amend. V. Burglary and robbery are separate and distinct offenses.

---

[5]NRS 195.020:

"Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who, directly or indirectly, counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him."

Burglary is complete upon trespassory entrance into a building with intent to commit a larceny or felony within. NRS 205.060(1).[6] Robbery is the unlawful taking of personal property from the person or presence of another by force or threat. NRS 200.380(1).[7] Consequently, Jones' conviction on the four counts did not violate the constitutional prohibition against double jeopardy.

Furthermore, Nevada law specifically authorizes prosecution for each crime committed during the commission of a burglary, as well as the burglary itself. NRS 205.070.[8] Kirkland v. State, 95 Nev. 83, 590 P.2d 156 (1979). *But cf.* People v. Diaz, 427 P.2d 505 (Cal. 1967) (Cal.Pen.Code § 654 prohibits multiple punishment if course of criminal conduct, with single objective, is the basis of the multiple convictions).

Judgment and sentence are affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[6]NRS 205.060(1) provides:

"Every person who, either by day or night, enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary."

[7]NRS 200.380(1) provides:

"Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear."

[8]NRS 205.070 provides:

"Every person who, in the commission of a burglary, shall commit any other crime, shall be punished therefor as well as for the burglary, and may be prosecuted for each crime separately."