RICHARD KEARNEY, AKA LEE DeWAYNE TURNER, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 12062

March 20, 1981                              625 P.2d 93

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James N. Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

This is an appeal from a robbery conviction. Appellant claims that the trial court erred in admitting evidence relating to flight and in limiting defense argument to twenty minutes.

Deliberate avoidance of apprehension or prosecution may be properly admissible as showing consciousness of guilt. In the case at bar, when the prosecutor announced his intention during opening argument to raise "the issue of flight," the trial judge cautiously excluded any comment on the subject of flight by the district attorney until a formal legal ruling had been made by the court.

Two exhibits on the issue of flight were offered by the state during its case-in-chief. State's Exhibit 4 is an abstract of justice's court minutes showing appellant's failure to appear; State's Exhibit 6 is a copy of a bench warrant for appellant's arrest for failure to appear.

Early in the trial the court indicated to counsel a wish to "settle the issue at this point on the admissibility of certain evidence concerning the defendant's failure to appear at prior proceedings in this case." A hearing was held on the issue. Defense counsel argued that such evidence would be improper "evidence of another crime." He did admit that "it may be of probative value but it is ambiguous." Later defense counsel told the court that the "persuasive value" of such evidence was "minimal."

Apparently on the basis of defense counsel's view that the evidence might be of some "probative value" although "minimal," he did not object to the introduction of either Exhibit 4 or Exhibit 6.

The court instructed the jury that the mere "absence of the Defendant after he was accused of a crime . . . is a fact, which, if proven, may be considered by you . . . in deciding the question of guilt or innocence." Such an instruction was erroneous by reason of its failure to deal with the essence of flight, the *deliberate* attempt to avoid apprehension or prosecution. See, e.g., McGuire v. State, 86 Nev. 262, 468 P.2d 12 (1970). No objection was made to the giving of this instruction.

Ordinarily we will not consider assignments of error on appeal when they are not raised by objection at the trial. It has not even been argued by appellant that the error is so egregious and prejudicial as to require reversal even in the absence of objection. Bonacci v. State, 96 Nev. 894, 620 P.2d 1244 (1980).

On the question of limiting the time for argument, again, no objection was made to this ruling at the time of trial; appellant is therefore precluded from raising the issue on appeal. People v. Stout, 424 P.2d 704 (Cal. 1967). *See* Thomas v. State, 93

Nev. 565, 571 P.2d 113 (1977). We find no breach of discretion on the part of the trial court; and certainly if there were error it would be minimal and nonprejudicial.

There was an eyewitness to the commission of this crime who identified appellant. There is ample evidence to support the judgment of conviction and we will not set it aside.

Affirmed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., concur.