An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MONIQUE CHAUNTEL STOWERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64533

**FILED**

OCT 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of robbery. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

First, appellant Monique Chauntel Stowers contends that the district court abused its discretion by denying her presentence motion to withdraw her guilty plea without appointing independent counsel or conducting an evidentiary hearing. "On appeal from a district court's denial of a motion to withdraw a guilty plea, this court 'will presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion.'" *Riker v. State*, 111 Nev. 1316, 1322, 905 P.2d 706, 710 (1995) (quoting *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986)).

In her motion, Stowers alleged that her plea was involuntary because she entered it while "going through detoxification," which caused her to be confused about "what she was doing." The district court found that Stowers lacked credibility because there had been no indication throughout her interactions with the court that she had difficulty understanding the proceedings. *See State v. Rincon*, 122 Nev. 1170, 1177,

14-34383

147 P.3d 233, 238 (2006) (this court will not disturb a district court's credibility determination unless it "is left with the definite and firm conviction that a mistake has been committed" (internal quotation marks omitted)). In addition, Stowers admitted in her guilty plea agreement and during her canvass that she had discussed the case with counsel, understood the rights she was giving up, and believed pleading guilty was in her best interest. *See Crawford v. State*, 117 Nev. 718, 722, 30 P.3d 1123, 1126 (2001) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently."). Stowers fails to demonstrate that the district court abused its discretion by denying her motion and by doing so without conducting an evidentiary hearing or appointing independent counsel.

Second, Stowers contends that the district court abused its discretion by denying her motion to withdraw her guilty plea on the ground that it was induced by fear of her codefendants. Stowers also asserts that the district court failed to consider all relevant factors before denying her motion. After the district court denied Stowers' motion to withdraw her guilty plea on the ground that it was entered while going through detoxification, Stowers filed a motion to dismiss counsel, wherein she mentioned that she had been attacked by a representative of her codefendants and was afraid of them. During argument on her motion, Stowers referenced the incident again and stated that she was forced into the plea. However, Stowers did not assert that withdrawal of the plea was warranted because it was induced by fear of her codefendants; rather, she repeatedly asserted that withdrawal of counsel was warranted because of counsel's disrespectful attitude towards her. Because the claim regarding

SUPREME COURT
OF
NEVADA

(O) 1947A

2

her guilty plea was not raised or considered by the district court, we decline to consider it on appeal. *See Thomas v. State*, 93 Nev. 565, 566, 571 P.2d 113, 114 (1977).

Third, Stowers contends that the district court abused its discretion by denying her request for a continuance so she could retain private counsel. We disagree. A defendant's right to retain counsel must be balanced against the needs of fairness and demands of the court's calendar. *Patterson v. State*, 129 Nev. ___, ___, 298 P.3d 433, 438 (2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1280 (2014). Here, Stowers indicated that she wished to retain private counsel on September 18, 2013, and the district court told her to do so before sentencing on October 21, 2013. At sentencing, Stowers explained that she had not retained counsel and requested a different public defender. The proceeding was continued. When the district court denied her request on October 28, 2013, Stowers asked for an additional 90 days to retain private counsel. The district court noted that Stowers had previously delayed the proceedings to retain counsel yet did not do so and denied her request for a 90-day continuance. Under these circumstances, we conclude that the district court did not abuse its discretion. *Id.*

Having considered Stowers' contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____ Pickering, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

SUPREME COURT OF NEVADA

(O) 1947A

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Clark County Public Defender
Sandra L. Stewart
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk