**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10413 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00228-JAD-CWH-1 |
| v. | |
| CHARLES EDWARD COOPER, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10449 |
| Plaintiff-Appellant, | D.C. No. 2:14-cr-00228-JAD-CWH-1 |
| v. | |
| CHARLES EDWARD COOPER, Jr., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted June 15, 2018
San Francisco, California

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER, EBEL,** and GOULD, Circuit Judges.

Charles Edward Cooper appeals, *pro se*, his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We appointed counsel to appear on his behalf for oral argument. The government appeals the denial of a sentence enhancement pursuant to the Armed Career Criminals Act ("ACCA"), 18 U.S.C. § 924(e), after the District Court ruled Cooper's prior convictions did not qualify as violent felonies. We affirm in all respects.

Officers arrested Cooper in his home, without a warrant, upon probable cause to believe he had beaten his girlfriend. While the arrest was in violation of *Payton v. New York*, 445 U.S. 573, 576 (1980), the statements Cooper made were after officers removed him to a patrol car and read him his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). His motion to suppress his statements was correctly denied. Under *New York v. Harris*, 495 U.S. 14, 20–21 (1990), the statements in the car were not the fruit of the warrantless arrest in his home. The *Miranda* warning was sufficient, *see United States v. Loucious*, 847 F.3d 1146, 1149–51 (9th Cir. 2017), as was the information in the affidavit for the search warrant that

---

** The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

led to the recovery of the weapons, *see United States v. Davis*, 714 F.2d 896, 899 (9th Cir. 1983).

The District Court did not abuse its discretion in refusing to allow Cooper to call Agent Garcia as a witness, because the agent's testimony would have been cumulative. *See United States v. Weischedel*, 201 F.3d 1250, 1255 (9th Cir. 2000) ("A district court can properly deny a Rule 17(b) subpoena request when the testimony sought would be cumulative."). The government called a different agent as a witness to establish the element of the interstate nexus of the guns found in Cooper's home.

During sentencing, the District Court addressed Cooper personally and permitted him to speak or present information to mitigate his sentence. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii). Moreover, the court permitted Cooper to submit at least two briefs to set forth his objections to the sentencing recommendations. *See United States v. Gunning*, 401 F.3d 1145, 1147 (9th Cir. 2005). The District Court, during the sentencing hearing, asked Cooper not to repeat the objections in his brief, but this did not deny his allocution right to address the court.

In the government's sentencing cross-appeal, the government contends that Cooper's prior felony convictions for robbery with the use of a deadly weapon and battery with substantial bodily harm qualify as violent felonies under the ACCA.

The robbery statute does not qualify as a violent felony under the "enumerated-offenses" clause of the ACCA because the Nevada statute punishes the nonconsensual taking of property. *See* N.R.S. §§ 200.380, 193.165 (1983); *United States v. Dixon*, 805 F.3d 1193, 1196–97 (9th Cir. 2015); *Flynn v. State*, 562 P.2d 1135, 1136 & n.1 (Nev. 1977) (per curiam). Nor does it qualify under the "force" clause of the ACCA, because it punishes threats directed at property in addition to threats directed at another person. *See Dixon*, 805 F.3d at 1197–98; *United States v. Sherbondy*, 865 F.2d 996, 1010 (9th Cir. 1988).

The robbery statute is indivisible, containing alternative means, not elements. *See Dixon*, 805 F.3d at 1198. Because the robbery statute does not constitute a categorical match to the ACCA definition of a violent felony, we need not decide whether the battery conviction qualifies as a violent felony. Standing alone, the battery conviction would not make Cooper eligible for sentencing as an Armed Career Criminal in any event.

The conviction and sentence are **AFFIRMED.**