IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC LEE NEWMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76768

FILED

JAN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of trafficking in a controlled substance. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.[1] Appellant Eric Lee Newman raises numerous issues on appeal.[2]

*Newman's for-cause juror challenges*

Newman argues the district court abused its discretion by denying his for-cause juror challenges. "District courts have broad discretion in deciding whether to remove prospective jurors for cause." *Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005) (internal quotation marks omitted), *overruled on other grounds by Farmer v. State*, 133 Nev. 693, 405 P.3d 114 (2017). "The test for evaluating whether a juror should have been removed for cause is whether a prospective juror's views

---

[1]Kerry Louise Earley, Judge, presided at trial.

[2]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

20-03395

would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Id.* (internal quotation marks omitted).

Here, Newman challenges the district court's denial of his for-cause challenges to Prospective Juror Nos. 380, 497, and 523. To warrant reversal, a defendant must show "[a] district court's erroneous denial of a challenge for cause . . . result[ed] in an unfair empaneled jury." *Preciado v. State*, 130 Nev. 40, 44, 318 P.3d 176, 178 (2014). Newman has not shown any bias or prejudice that affected his right to an impartial jury. Newman used peremptory challenges to remove Prospective Juror Nos. 380 and 497. *See Blake v. State*, 121 Nev. 779, 796, 121 P.3d 567, 578 (2005) ("If the jury actually seated is impartial, the fact that a defendant had to use a peremptory challenge to achieve that result does not mean that the defendant was denied his right to an impartial jury."). Considering Prospective Juror No. 523, the record does not show that he harbored any "bias that would prevent [him] from applying the law and following the court's instructions." *Sayedzada v. State*, 134 Nev. 283, 293, 419 P.3d 184, 194 (2018). Therefore, we conclude the district court did not err in denying Newman's for-cause challenges.

*Sufficiency of the evidence*

Newman argues that insufficient evidence supports the jury's determination that he was predisposed to commit the charged crime. We disagree. When reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. State*, 443

U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). Newman raised the affirmative defense of entrapment. To establish entrapment a defendant must prove that the government instigated the criminal conduct. *Foster v. State*, 116 Nev. 1088, 1091, 13 P.3d 61, 63 (2000). Then the State has the burden to prove "that the defendant was predisposed to commit the crime." *Id.*

Here, Newman testified that a confidential informant raised the subject of purchasing gamma-hydroxybutyrate (GHB). Accordingly, the State was then required to prove Newman's predisposition to commit the offense. When considering a defendant's predisposition, we have recognized the following factors: "(1) the defendant's character, (2) who first suggested the criminal activity, (3) whether the defendant engaged in the activity for profit, (4) whether the defendant demonstrated reluctance, and (5) the nature of the government's inducement." *Miller v. State*, 121 Nev. 92, 97, 110 P.3d 53, 57 (2005).

We conclude the first factor favors the State because the prosecution showed Newman's history of involvement with controlled substances, his narcotics knowledge, and his willingness to discuss drug transactions. We conclude the second factor slightly favors Newman because, although he mentioned methamphetamine to the informant, it was undisputed that the informant first raised the issue of purchasing GHB. The third factor slightly favors the State because Newman accepted $100 from the informant in exchange for approximately 78 grams of GHB.

The fourth factor, reluctance of the defendant, is the most important, *id.*, and we conclude it favors the State. Newman discussed drugs and exchanged contact information with the informant, whom he had

SUPREME COURT
OF
NEVADA

(O) 1947A

3

just met. Newman and the informant continued to discuss drug transactions over the phone. And Newman set up the meeting place to sell GHB to the informant. The final factor, regarding the government's inducement also favors the State because the record does not suggest the police engaged in coercive, overly persistent, or improper conduct. *See Daniels v. State*, 121 Nev. 101, 104, 110 P.3d 477, 478-79 (2005) ("The entrapment defense represents the necessary balance between the permissible use of undercover officers to investigate crimes and the prohibition against inducing an innocent person to commit a crime."); *see also Froggatt v. State*, 86 Nev. 267, 270, 467 P.2d 1011, 1013 (1970) (explaining that conventional offers to transgress the law are permissible, but "extraordinary temptations or inducements" are improper). Therefore, we conclude a rational fact-finder could have concluded that Newman was predisposed to commit the crime and found the essential elements of trafficking in 28 or more grams of a controlled substance beyond a reasonable doubt. *See* NRS 453.3385(1)(c).

*Evidentiary rulings*

Newman complains that the district court admitted prejudicial and irrelevant evidence. This court reviews "a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).[3]

---

[3]We conclude the district court properly excluded the photograph of Newman's sister. *See* NRS 48.015 (defining relevant evidence).

First, Newman contends the district court erred by allowing the prosecutors and witnesses to refer to GHB as a "date-rape drug." We agree. Under the facts of this case, references to date rape had no relevance to crime charged. *See* NRS 48.015. We conclude that use of the term presented an unnecessary risk of unfair prejudice to Newman and the potential to confuse the jury. However, we also conclude that the error was harmless because substantial evidence supports Newman's guilt. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008).

Second, Newman contends the district court erred by limiting his cross-examination regarding the informant's rebuttal testimony. We agree.[4] "Although district courts have wide discretion to control cross-examination that attacks a witness's general credibility, a 'trial court's discretion is . . . narrow[ed] where bias [motive] is the object to be shown, and an examiner must be permitted to elicit any facts which might color a witness's testimony.'" *Lobato v. State*, 120 Nev. 512, 520, 93 P.3d 765, 771 (2004) (quoting *Bushnell v. State*, 95 Nev. 570, 572, 599 P.2d 1038, 1040 (1979)).

---

[4]Newman also argues the State failed to disclose the informant's statement in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady*, the prosecution must disclose evidence to the defense that "provides grounds for the defense to . . . impeach the credibility of the State's witnesses." *Lay v. State*, 116 Nev. 1185, 1194, 14 P.3d 1256, 1262 (2000). While the State should have disclosed the informant's statement about Newman's reference to methamphetamine, after reviewing the evidence adduced at trial, we discern no reasonable probability of a different result during trial had the statement been disclosed. The jury heard substantial evidence refuting Newman's entrapment defense.

Here, during the State's case-in-chief, the informant testified that he and Newman talked and the conversation turned to drugs. Following Newman's testimony, the State recalled the informant who testified, for the first time, that Newman raised the issue of methamphetamine unprompted during their initial meeting, and the informant then moved the discussion to GHB after Newman mentioned the name of an individual associated with GHB. Newman sought to cross-examine the informant on the new testimony for the purpose of establishing bias and motive to manufacture testimony.

We conclude Newman should have been allowed to probe the informant's testimony and inquire why the informant had not mentioned Newman's reference to methamphetamine before his rebuttal testimony. However, we conclude this error was harmless. Newman elicited ample evidence to assail the informant's biases and motive to assist law enforcement; thus, his substantial rights were not prejudiced. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008); *see also* NRS 178.598 (harmless error rule).

Third, Newman contends the district court erred by admitting evidence of his 2011 positive drug test for methamphetamine while on probation because the potential for unfair prejudice outweighed its probative value. We disagree. Newman testified that he had no involvement with drugs after 2008, implying he had a reformed and law-abiding character. Thus, the State could offer rebuttal evidence showing his involvement with drugs during the period of his alleged abstention. *See Jezdik v. State*, 121 Nev. 129, 139, 110 P.3d 1058, 1065 (2005) (explaining that "our statutory rules of evidence do not prohibit a party from

introducing extrinsic evidence specifically rebutting the adversary's proffered evidence of good character"). The positive drug test squarely contradicted Newman's testimony; thus, the district court did not abuse its discretion.

Finally, Newman argues that he was forced to address his 2001 conviction for transporting a controlled substance. We disagree. During his direct testimony, Newman first discussed his conviction; therefore, he cannot object on appeal. *See Jones v. State*, 95 Nev. 613, 618, 600 P.2d 247, 250 (1979) (recognizing that when a defendant participates in an alleged error, he is estopped from raising any objection on appeal).

*Jury instructions*

Newman argues the district court abused its discretion by rejecting his proposed jury instructions. We disagree. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

First, we conclude the district court did not abuse its discretion by rejecting his more detailed witness credibility instruction. The district court gave an accurate instruction on witness credibility. A district court does not err by rejecting a proposed instruction that is adequately addressed by other instructions. *Earl v. State*, 111 Nev. 1304, 1308, 904 P.2d 1029, 1331 (1995).

Second, we conclude the district court did not abuse its discretion by rejecting the proffered instruction on two reasonable interpretations of the evidence. We have repeatedly held that such an instruction is not required if the jury is properly instructed on reasonable

doubt, and Newman does not contend the district court failed to do so. *See, e.g., Hooper v. State*, 95 Nev. 924, 927 & n.3, 604 P.2d 115, 117 & n.3 (1979).

*Sentencing under NRS 453.3385*

Newman challenges the equal treatment of controlled substances by weight under NRS 453.3385 as constituting cruel and unusual punishment. Newman argues that defendants convicted of trafficking GHB receive disproportionately harsh sentences compared to defendants trafficking in other controlled substances, in violation of the United States and Nevada constitutions. In support, Newman points to the comparative market value and the ratio of dose to weight of GHB to other controlled substances.

Newman's argument is unavailing. "The legislature is empowered to define crimes and determine punishments and we do not encroach upon that domain lightly." *Deveroux v. State*, 96 Nev. 388, 390, 610 P.2d 722, 723 (1980). The separation of powers dictate that a sentence imposed within the statutory limits is not "cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 222 (1979). Newman's assertion that other statutory schemes better regulate controlled substances does not make Nevada's statutory pronouncement unconstitutional. Such is the legislative prerogative. Therefore, we conclude that Newman's constitutional challenge to NRS 453.3385 fails, and his sentence does not constitute cruel and unusual punishment.

*Cumulative error*

Finally, Newman argues that cumulative error requires reversal. We disagree. When reviewing cumulative error claims, this court considers: "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (internal quotation marks omitted). The crime charged is not the gravest. And the quantity and character of the errors discussed above are neither numerous nor egregious. The issue of guilt was not close. Given the evidence adduced at trial, it is clear beyond a reasonable doubt a rational jury would have found Newman guilty even absent the errors discussed above. Therefore, we conclude reversal is not warranted. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[5]

_____, C.J.
Pickering

_____ J.
Gibbons

_____, Sr. J.
Douglas

cc:  Hon. Jerry A. Wiese, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.