# IN THE SUPREME COURT OF THE STATE OF NEVADA

KURTIS RAY RICHARDS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78196

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Appellant Kurtis Richards raises three contentions on appeal.

First, Richards argues that the district court denied him his constitutional right to have his case heard by a fair cross section of the community because there were no African Americans in the venire. After de novo review, we disagree. *See Grey v. State*, 124 Nev. 110, 117, 178 P.3d 154, 159 (2008) (providing that de novo review applies to constitutional challenges). The burden of demonstrating a prima facie violation of the fair-cross-section requirement rested with Richards to show (1) that the group allegedly excluded is "distinctive"; (2) that the representation of that group in the venire was not fair and reasonable in relation to the number of such people in the community; and (3) that the "underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Evans v. State*, 112 Nev. 1172, 1186, 926 P.2d 265, 275 (1996) (internal quotation marks and emphases omitted). Richards met prong one and two because African Americans are a distinctive group and no African Americans being

20-34435

on the venire equates to a 100% comparative disparity.[1] *See Valentine v. State*, 135 Nev. 463, 465, 454 P.3d 709, 714 (2019) (recognizing African Americans as a "distinctive group"); *Williams v. State*, 121 Nev. 934, 940 n.9, 125 P.3d 627, 631 n.9 (2005) (concluding that comparative disparities of more than 50% show likely unfair and unreasonable representation). But Richards made no specific allegations about the jury selection process or how it systematically excluded African Americans to satisfy the third prong or to warrant a hearing. *See Valentine*, 135 Nev. at 466, 454 P.3d at 714 ("[A]n evidentiary hearing is warranted on a fair-cross-section challenge when a defendant makes specific allegations that, if true, would be sufficient to establish a prima facie violation of the fair-cross-section requirement."). Richards' argument that the district court had to hold a hearing with new testimony by the jury commissioner also lacks merit where he did not request a hearing;[2] appears to have accepted the State's and district court's representations about past jury commissioner testimony on the issue, asking the court to admit that past transcript into the record

---

[1]Given that there were no African-American veniremembers, this calculation can be completed without knowing the size of the venire or the representation of African Americans in the community.

[2]The record does not support Richards' contention that the district court refused to hold a hearing on his fair-cross-section argument unless Richards could show that the jury commissioner's past testimony did not address all of Richards' questions regarding jury selection. Rather, the district court told him, "if you think there's something that wasn't covered in that presentation or testimony . . . then we can have [the jury commissioner] come up and do it again."

without reviewing it;[3] and told the court, "I don't believe that we need to have a hearing." *See Jones v. State*, 95 Nev. 613, 617, 600 P.2d 247, 250 (1979) (recognizing that where a defendant participates in the alleged error, he is estopped from raising any objection on appeal). Thus, Richards' fair-cross-section challenge fails. *See Williams*, 121 Nev. at 941, 125 P.3d at 632 ("Even in a constitutional jury selection system, it is possible to draw venires containing no (0%) . . . African American in a forty-person venire.").

Second, Richards argues that the district court erred by not granting his oral motion to continue on the morning of trial to secure the attendance of an alibi witness. A continuance request made to obtain an absent witness requires showing that the witness's testimony is material, that no negligence occurred in obtaining the testimony, and that the witness can be procured for trial. *Schnepp v. State*, 92 Nev. 557, 562-63, 554 P.2d 1122, 1125 (1976). Here, the record supports that the alleged alibi witness was not with Richards during the entire relevant time such that the witness's testimony was not material. And it did not appear that Richards could procure the witness for a later trial as his investigator represented that, despite her best efforts, she could not relocate the witness after he was released from local custody because he was transient and his last known residence had been condemned.[4] Further, Richards was negligent in

---

[3]The district court's failure to enter the transcript into the record is, at most, harmless error where Richards did not make any specific allegations of systematic exclusion in the jury-selection process.

[4]Richards informed his investigator 30 minutes before the start of trial that the witness *may be* in federal custody, information Richards

obtaining the testimony because he did not subpoena the witness when he knew the witness's location (in custody). Accordingly, we conclude that the district court did not abuse its discretion in denying Richards' continuance request.[5] *See Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996) (reviewing a district court's decision on a motion to continue for an abuse of discretion).

Third, Richards argues that the district court erred in denying his motion for a new trial based on juror misconduct. He contends that two jurors considered that he did not testify or present an alibi witness in their deliberations, showing a disregard of the jury instructions regarding the presumption of innocence and the State's burden. "A jury's failure to follow a district court's instruction is intrinsic juror misconduct," *Valdez v. State*, 124 Nev. 1172, 1186, 196 P.3d 465, 475 (2008), which, "only in extreme circumstances[,] will . . . justify a new trial," *Meyer v. State*, 119 Nev. 554, 565, 80 P.3d 447, 456. We conclude that the district court did not abuse its discretion in determining that this situation did not rise to such a level. *See id.* at 561, 80 P.3d at 453 (reviewing the denial of a motion for a new trial based on alleged juror misconduct for an abuse of discretion). The jurors' comments may have shown a disregard for the court's instructions, but such interactions amongst jurors are generally not admissible to impeach a

conceded below was purely speculative. The record contains no further information about the witness's federal custody status.

[5]Richards' argument that the district court should have granted him a continuance because it granted one for the State is unavailing, as each request for a continuance is viewed separately. *See Higgs v. State*, 126 Nev. 1, 9, 222 P.3d 648, 653 (2010) ("Each case turns on its own particular facts, and much weight is given to the reasons offered to the trial judge at the time the request for a continuance is made.").

verdict. *See* NRS 50.065(2) (prohibiting the admission of testimony, affidavits, or evidence of any statement by a juror indicating an effect on the jury's deliberative process); *Meyer*, 119 Nev. at 562, 80 P.3d at 454 (explaining that jurors improperly considering a defendant's failure to testify is an example of an intrinsic influence or improper discussion amongst jurors that is inadmissible to denunciate a verdict). Given the evidence of Richards' guilt (two eye witnesses and subsequent acts against one witness inferring guilt); that all jurors were polled and individually affirmed the verdict; and that the complaining juror gave no indication that hers or others' votes were affected by the misconduct, Richards fails to demonstrate a "reasonable probability or likelihood that the juror misconduct affected the verdict." *See Meyer*, 119 Nev. at 564, 80 P.3d at 455.

Having considered Richards' contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Valerie Adair, District Judge
Brian S. Rutledge
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk