IN THE SUPREME COURT OF THE STATE OF NEVADA

KEITH MANNING SHORT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80471

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted grand larceny and two counts of burglary.[1] Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

A jury convicted appellant Keith Short of burglarizing the home and vehicle of E.O. and M.B. in Reno. Short entered the home, removed various items of property, and placed the property in the back of the victims' vehicle. Short challenges the district court's denial of his two pretrial suppression motions. "Suppression issues present mixed questions of law and fact," *State v. Beckman*, 129 Nev. 481, 485, 305 P.3d 912, 916 (2013) (internal quotation marks omitted), and we review the district court's factual findings regarding suppression issues for clear error and review the legal consequences of those findings de novo, *see id.* at 486, 305 P.3d at 916.

*Motion to suppress Short's statements*

Short first argues that the district court erred by denying his pretrial motion to suppress statements he made to law enforcement

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-41515

because, under the circumstances, he could not hear the *Miranda*[2] warnings. "To be constitutionally adequate, *Miranda* warnings must be 'sufficiently comprehensive and comprehensible when given a commonsense reading.'" *Stewart v. State*, 133 Nev. 142, 146, 393 P.3d 685, 688 (2017) (quoting *Florida v. Powell*, 559 U.S. 50, 63 (2010)).

Here, in the midst of an active construction site, a police officer read Short his *Miranda* rights while he sat detained in the back of a police vehicle. Short contends that—with the vehicle door closed, the window only partially down, and the ongoing construction work—the *Miranda* warnings were incomprehensible, and thus he could not knowingly and voluntarily waive them.

The district court held a suppression hearing and made the following findings. Short affirmatively nodded while being read his rights, and he responded to the officer's questions. Short's demeanor and actions showed that he wanted to speak with the officer to relay his side of the story. Short acknowledged his awareness of his rights and nothing indicated he did not hear or understand them. Short knowingly, voluntarily, and intelligently waived his rights and spoke with the officer. Testimony from the police officer and body-camera footage depicting the encounter support the district court's findings. Therefore, we conclude the district court's findings are not clearly wrong, and the court did not err in denying Short's pretrial suppression motion.

*Motion to suppress show-up identification*

Short argues that the district court erred by denying his motion to suppress E.O.'s pretrial show-up identification, which he contends was

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

unnecessarily suggestive and unreliable. A pretrial identification may be constitutionally unsound if, based on the totality of the circumstances, the identification was "unnecessarily suggestive and conducive to irreparable mistaken identification." *Taylor v. State*, 132 Nev. 309, 320, 371 P.3d 1036, 1044 (2016) (internal quotation marks omitted). If the procedure is shown to be unnecessarily suggestive, we must determine whether the identification was otherwise reliable. *Id.*

*The show-up procedure*

A show-up identification "is inherently suggestive because it is apparent that law enforcement officials believe they have caught the offender." *Jones v. State*, 95 Nev. 613, 617, 600 P.2d 247, 250 (1979). Short contends that no exigent circumstances justified the use of the process. *See Taylor*, 132 Nev. at 321, 371 P.3d at 1044 ("[T]he presence of exigent circumstances [may] necessitate prompt identification."). "Examples of exigencies sufficient to justify a show-up include: (1) ensuring fresher memory; (2) exonerating innocent people by making prompt identifications; and (3) ensuring that those committing serious or dangerous felonies are swiftly apprehended." *Id.* (internal citations omitted). Here, exigent circumstances did not justify the show-up identification because Short had already been apprehended and positively identified by M.B. As a result, E.O.'s identification had minimal effect on the initial investigation and arrest of Short. Therefore, insufficient exigent circumstances justified E.O.'s show-up identification given its inherent suggestiveness.

*Reliability of the show-up identification*

In assessing the pretrial identification procedure, the foremost concern is reliability. *See Jones*, 95 Nev. at 617, 600 P.2d at 250. Reliability is assessed using the following factors: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention,

the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *Canada v. State*, 104 Nev. 288, 294, 756 P.2d 552, 555 (1988) (quoting *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)). Here, E.O. testified that she observed Short walking down the middle of her residential street in the early morning hours. E.O. took particular notice of Short because he seemed out of place. While the encounter lasted only a few seconds, Short came within five feet of E.O. and they made eye contact such that she recognized his facial structure. Further, law enforcement completed the show-up procedure approximately one hour after E.O. observed Short while her recollection was still fresh, and E.O. stated that she was one-hundred percent certain about her identification. Therefore, we conclude E.O.'s identification was sufficiently reliable, and the district court did not err by denying Short's motion to suppress. *See Taylor*, 132 Nev. at 320, 371 P.3d at 1044 ("As long as the identification is sufficiently reliable, 'it is for the jury to weigh the evidence and assess the credibility of the eyewitnesses.'" (quoting *Gehrke v. State*, 96 Nev. 581, 584, 613 P.2d 1028, 1029 (1980))).

Moreover, any error in the district court's denial of Short's motion to suppress E.O.'s identification was harmless. A constitutional error is harmless when the State shows, "beyond a reasonable doubt, that the error did not contribute to the verdict." *Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008). Here, M.B. had more extensive contact with Short and positively identified him before and during trial. Further, Short did not present an identity defense. He testified that he entered the residence, removed property, and put the property into the victims' vehicle, but claimed he did not intend to permanently deprive the victims of their

property when he did so. Thus, we are convinced beyond a reasonable doubt that E.O.'s pretrial identification of Short did not affect the jury's verdict. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Egan K. Walker, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk