MICHAEL HARRISON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10579

April 9, 1980                                  608 P.2d 1107

*James O. Porter,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Michael Harrison was convicted by jury of robbery with the use of a deadly weapon. On appeal, he raises four grounds for

reversal: (1) the district judge erred by admitting testimony relating to statements made by another suspect and Harrison after their arrest; (2) the jury instruction on identification improperly reduced the state's burden of proof; (3) the jury instruction that the deadly weapon need not be produced at trial reduced the state's burden of proof; and (4) the prosecutor improperly commented on Harrison's failure to take the stand. None of the alleged errors mandates reversal; therefore, we affirm the judgment of conviction.

Harrison was arrested on August 25, 1977, following an armed robbery of a gas station attendant in Las Vegas. At trial, the victim identified Harrison as the man who carried the gun during the robbery.

Shortly after police stopped the getaway car, arrested three suspects, and informed them of their *Miranda*[1] rights, an officer overheard suspect Donald Atkinson say to Harrison, "I told you we shouldn't have hit that last place". Harrison responded, "Shut up". Harrison argues that the district judge erred by allowing the officer to testify about that conversation.

If an incriminating statement is heard and understood by an accused, and his response justifies an inference that he agreed or adopted the admission, then evidence of the statement is admissible at trial. Maginnis v. State, 93 Nev. 173, 561 P.2d 922 (1977); NRS 51.035(3)(b). However, an accused has a constitutional right to remain silent and to avoid self-incrimination. Therefore, no adverse inference may be drawn from his silence when he is confronted with an inculpatory statement. The inculpatory statement and the accused's silence are inadmissible. United States v. Yates, 524 F.2d 1282 (D.C. Cir. 1975); *see* Vipperman v. State, 92 Nev. 213, 547 P.2d 682 (1976).

Similarly, when an equivocal response is given, the statement is not admissible if the accused does not unambiguously assent to the statement, United States v. Coppola, 526 F.2d 764 (10th Cir. 1975), or the response represents a desire not to communicate incriminating information. *See generally* McCormick on Evidence § 161 (2d ed. 1972); *cf.* United States v. Johnson, 558 F.2d 1225 (5th Cir. 1977) (ban on evidence of post-arrest silence includes ambiguous expression of desire to remain silent); State v. McCaughey, 541 P.2d 998 (Wash.App. 1975) (accused nodded head in apparent agreement, statement admissible). In this case, Harrison's response clearly expressed his

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

desire not to reveal incriminating information. Therefore, the officer should not have been allowed to repeat Atkinson's statement and Harrison's response in court. However, the overwhelming evidence of guilt renders the error harmless beyond a reasonable doubt.[2] Harrington v. California, 395 U.S. 250 (1969); Chapman v. California, 386 U.S. 18 (1967); Abram v. State, 95 Nev. 352, 594 P.2d 1143 (1979); Rhodes v. State, 91 Nev. 17, 530 P.2d 1199 (1975).

Harrison also contends that the district judge erred by giving jury instruction 6A because it states that the jury *may* acquit if there is a reasonable doubt that Harrison was one of the robbers.[3] We agree that viewed in isolation, the challenged portion of the instruction is erroneous because if there is a reasonable doubt concerning the identification of the accused, then the jury must acquit him. *See* NRS 175.191. However, when jury instructions, as a whole, correctly state the law, it will be assumed that the jury was not misled by any isolated portion. State v. Peterman, 596 P.2d 442 (Idaho 1979); State v. Walker, 578 P.2d 83 (Wash.App. 1978); *see also* State v. Arellano, 68 Nev. 134, 227 P.2d 963 (1951).

In this case, the jury was instructed that every element of the crime must be established beyond a reasonable doubt and that if there is reasonable doubt about the accused's guilt, he must be acquitted. Consequently, there was no reversible error because the instructions, read as a whole, properly informed the jury that the state had the burden of proving each element of the offense beyond a reasonable doubt. Kelso v. State, 95 Nev. 37, 588 P.2d 1035 (1979); *Walker,* 578 P.2d at 85.

Harrison objected to jury instruction 10A, which stated that the deadly weapon need not be produced, because it allegedly reduced the state's burden of proof to less than proof beyond a reasonable doubt.[4] Harrison's argument is meritless. The

---

[2]Harrison was identified by the victim as the armed robber, the fleeing car carrying the robbers was still in sight when police began their pursuit, police saw two men run from the car after it was stopped, and police found Harrison and Atkinson hiding within 50 yards of the car. The incriminating statement was cumulative.

[3]The pertinent part of Instruction 6A states:
"If, from the circumstances of the identification, you have a reasonable doubt whether defendant was the person who committed the offense, you may acquit him."

[4]Instruction 10A:
"You are instructed that the State is not required to have recovered the

jurors were instructed that the verdict of robbery with the use of a deadly weapon was the appropriate verdict if they found beyond a reasonable doubt that Harrison committed robbery with the use of a deadly weapon. They were also instructed to return a robbery verdict if a weapon was not used.

It is well-settled that circumstantial evidence is sufficient to establish the corpus delicti. State v. Gambetta, 66 Nev. 317, 208 P.2d 1059 (1949). The testimony of the victim describing the gun carried by Harrison during the robbery was sufficient to support the conviction. Boyles v. State, 175 N.W.2d 277 (Wis. 1970). There was no error.

Finally, Harrison argues that, during closing argument, the prosecutor exceeded the bounds of permissible argument by referring to Harrison's failure to take the stand.[5] There was no objection to the remarks during closing argument, no motion for mistrial, no motion to strike, and no request for an admonition to the jury; therefore, we need not consider Harrison's contention unless a manifest injustice occurred. Hooper v. State, 95 Nev. 924, 604 P.2d 115 (1979). The remarks were, at worst, an indirect comment upon Harrison's failure to testify, and thus do not constitute reversible error. *See* Williams v. State, 93 Nev. 405, 566 P.2d 417 (1977); Kirkland v. State, 95 Nev. 83, 590 P.2d 156 (1979).

The judgment of conviction is affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

Deadly Weapon used in an alleged crime, or to produce the Deadly Weapon in Court at trial, to establish that a Deadly Weapon was used in the commission of the alleged crime."

[5]The objectionable remarks were:
"It has been my experience . . . that when the defendant has no evidence, what does he do? He attacks. . . . But most importantly, he doesn't explain to you, he doesn't tell you the bad things about his client. What is he doing out there? Why didn't Mr. Crockett [Harrison's attorney] explain that to you? Why is this man hiding in the desert?"