WILLIAM CORBIN, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 22309

March 30, 1995                                          892 P.2d 580

*Philip H. Dunleavy,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

---

## OPINION

*Per Curiam:*

William Corbin was convicted by jury verdict of three counts of sale of a controlled substance and one count of offer or attempt to sell a controlled substance. Corbin correctly asserts that the district court erroneously instructed the jury on the entrapment defense and erroneously deprived him of the right to impeach a key prosecution witness with evidence of prior felony convic-

tions. For reasons discussed hereafter, we reverse the judgment entered below and remand for a new trial.

## FACTS

On May 15, 1990, the state filed a criminal complaint against Corbin, charging him with three counts of sale of a controlled substance and one count of offer or attempt to sell a controlled substance. At the jury trial, which began on January 22, 1991, Corbin waived his right to counsel and proceeded in proper person. Outside the presence of the jury, the state made an oral motion in limine to limit Corbin's questioning of Neil McGregor, a confidential informant. The state indicated that McGregor would be called as a witness and that McGregor had "some prior convictions." The state asked that Corbin not be permitted to cross-examine McGregor about the prior convictions unless Corbin had certified copies of the judgments of conviction. Corbin informed the court that he had asked for the certified copies two or three months prior to the trial, but that he had not received the copies. The district court granted the state's motion, but gave Corbin permission to ask McGregor about McGregor's time in prison with Corbin.

The district court instructed the jury about the entrapment defense as follows:

INSTRUCTION NO. 6

Entrapment is an affirmative defense and one that a Defendant must prove by a preponderance of the evidence.

If the jury is satisfied by a preponderance of the evidence that the Defendant had no previous intent or was induced or persuaded by some law officer, then the jury should find the Defendant not guilty.

Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth.

INSTRUCTION NO. 7

The defense of entrapment is not available where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent.

The jury found Corbin guilty of all three counts of selling a controlled substance and the count of attempted sale of a controlled substance. On April 19, 1991, the district court entered a judgment of conviction and sentenced Corbin to serve four seven-year terms, two of which are to be served consecutively to each

other and two of which are to be served concurrently with the first two, in the Nevada State Prison. Corbin appeals his conviction, alleging that (1) the district court did not conduct a thorough *Faretta*[1] canvass on his waiver of the right to counsel; (2) he was entrapped as a matter of law; (3) prosecutorial misconduct warrants reversal; (4) his pretrial counsel was ineffective; (5) the district court erroneously instructed the jury on the entrapment defense; and (6) the district court erroneously deprived him of the right to impeach a key witness with evidence of prior felony convictions.

## DISCUSSION

We have carefully considered Corbin's first three contentions and conclude that they lack merit.[2] As to Corbin's fourth contention that his pretrial counsel was ineffective, this court has consistently concluded that it will not entertain claims of ineffective assistance of counsel on direct appeal. Gibbons v. State, 97 Nev. 520, 634 P.2d 1214 (1981). Corbin has not raised this issue in a post-conviction proceeding in district court; therefore, we decline to entertain this claim. We conclude, however, that Corbin's contentions pertaining to the entrapment jury instructions and the right to impeach a witness with evidence of a prior felony conviction warrant reversal.

---

[1]Faretta v. California, 422 U.S. 806 (1975).

[2]On the issue of the *Faretta* canvass, the record reveals that the district court conducted a fact-specific inquiry focusing on the background, experience and conduct of appellant as required by Haberstroh v. State, 109 Nev. 22, 846 P.2d 289 (1993), *cert. denied,* ........ U.S ........, 114 S. Ct. 169 (1993).

On the issue of entrapment as a matter of law, the record does not reveal uncontroverted evidence that appellant did not have a predisposition to commit this crime. *See* Shrader v. State, 101 Nev. 499, 501, 706 P.2d 834, 835 (1985) (holding that entrapment as a matter of law exists where the uncontroverted evidence shows (1) that the state furnished an opportunity for criminal conduct (2) to a person without the requisite criminal intent). Thus, appellant was not entrapped as a matter of law.

On the issue of prosecutorial misconduct, the record reveals that appellant did not object to the prosecutor's comments and therefore, this issue has not been preserved for appeal. *See* Williams v. State, 103 Nev. 106, 110-11, 734 P.2d 700, 703 (1987) (in order to preserve for appellate consideration allegations of misconduct in a closing argument, the accused must make a timely objection, obtain a ruling, and request an admonition of counsel and an appropriate instruction to the jury). Appellant also contends that the prosecutor's erroneous statements concerning the law on impeaching witnesses and the entrapment defense constitute prosecutorial misconduct. The state's confusion of the law, however, does not constitute prosecutorial misconduct.

*JURY INSTRUCTIONS ON THE ENTRAPMENT DEFENSE*

In Shrader v. State, 101 Nev. 499, 504, 706 P.2d 834, 837-38 (1985), we clarified the subject of which party bears the burden of proving or disproving the entrapment defense:

> We now hold that the 'affirmative' nature of the [entrapment] defense merely requires the defendant to put forth evidence of governmental instigation. Thereafter it is incumbent upon the state to demonstrate the defendant's predisposition. Essentially, the defendant bears the burden of production on the first element, while the prosecution subsequently bears the burden of proof on the second element.

In this case the district court instructed the jury that "entrapment is an affirmative defense and one that a Defendant must prove by a preponderance of the evidence." This instruction shifted the burden of proof from the state to appellant on the issue of appellant's predisposition to commit the offense and, thus, does not conform to the law as announced in *Shrader*. We, therefore, conclude that reversal is warranted on this issue.

## THE RIGHT TO IMPEACH A WITNESS WITH EVIDENCE OF A PRIOR FELONY CONVICTION

NRS 50.095 provides, in relevant part:

> 1.  For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime was punishable by death or imprisonment for more than 1 year under the law under which he was convicted.
>
> . . . .
>
> 6.  A certified copy of a conviction is prima facie evidence of the conviction.

NRS 50.095 does not require that the judgment of conviction be presented before questioning a witness about prior felony convictions. We have, however, consistently held that the state may not ask the accused or a defense witness a question concerning a prior felony conviction if it is unprepared to prove the prior conviction with a copy of the judgment of conviction in the event that the conviction is denied. *See* Tomarchio v. State, 99 Nev. 572, 665 P.2d 804 (1983). We have not had occasion to consider whether this same rule applies when the defense is attempting to impeach a prosecution witness.

We conclude that a different standard applies when the defense

is attempting to impeach a prosecution witness with proof of a prior felony conviction. In such a situation, the concerns of a possible prejudicial effect are not the same as when the prosecution is attempting to impeach the accused or a defense witness. The possibility of a resulting prejudicial impact is far greater for the accused than for the state. As stated by the Eighth Circuit of the United States Court of Appeals: "Where life and liberty depend upon the testimony of another, it is in the interest of justice that the jury should have before them every fact affecting the credibility of the witness. Otherwise, a party may be deprived of life and liberty by the testimony of a criminal . . . ." Williams v. United States, 3 F.2d 129, 134 (8th Cir. 1924). The state is not facing a loss of life and liberty as is the accused.

An additional concern is that counsel will question a witness about a prior felony conviction, without having any evidence to support such conviction, for the mere purpose of tarnishing the witness' character. In such a situation the jury is much more likely to conclude that the criminal defendant is an ex-felon than it is to conclude that the state's witness is an ex-felon, even if both witnesses deny the prior conviction. The criminal defendant's character is already tainted by the mere fact of being the accused. To further alleviate this concern, we hold that the district court may exercise discretion in determining whether the defense is asking about a prior conviction for the honest purpose of impeaching the witness or merely to arouse suspicion in the jurors' minds. If the defense has a reasonable belief that the witness has previously been convicted of a felony, the question should be allowed. We note that in this case there was absolutely no concern that Corbin was simply conducting a fishing expedition to wrongfully tarnish McGregor's reputation. Corbin and McGregor met in prison, and it is undisputed that McGregor had prior felony convictions.

Moreover, the state possesses and controls information regarding a witness' prior criminal activity and can more easily determine whether a prior felony conviction exists. The defense, on the other hand, does not have ready access to such information. Therefore, if we were to require the defense to present a judgment of conviction we would be placing a heavier burden on the defense than this same rule places on the state.

We conclude that when the defense is attempting to impeach a prosecution witness, a question concerning a prior felony conviction should be permitted if the defense has a reasonable belief that such prior conviction exists, regardless of whether the defense is prepared to prove it with a judgment of conviction. If the witness

denies the conviction, questioning concerning the prior conviction must cease. The defense, however, may rebut such denial with a certified copy of the judgment of conviction.

## CONCLUSION

For the reasons discussed above, we reverse the judgment of conviction and remand for a new trial.