GARY LANEIL DONALD, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 23980

April 3, 1996                    913 P.2d 655

[Rehearing denied December 23, 1996]

*Morgan D. Harris,* Public Defender and *Gary H. Lieberman,* Deputy, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney and *James Tufteland,* Chief Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, entered pursuant to a jury verdict, of one count of possession of a controlled substance with intent to sell. NRS 453.337. Between 8:00 p.m. and 11:30 p.m. on April 10, 1989, a police officer observed appellant ride a bicycle in a known drug trafficking area of North Las Vegas and engage in conversation and exchange handshakes with two groups of pedestrians and the occupants of a vehicle. The officer approached appellant and questioned him regarding his identity. Appellant attempted to flee by bicycle. The officer stopped appellant and, fearing appellant was armed, conducted a "pat down" search of appellant for weapons. Appellant attempted to elbow the officer, and a struggle ensued. During the struggle, the officer saw appellant make a throwing motion, and a small packet flew from the area of appellant's hand and landed on the ground. The packet contained fifteen "rocks" of cocaine, weighing a total of 2.3 grams.

Following a jury trial, appellant was convicted of one count of possession of a controlled substance with intent to sell pursuant to NRS 453.337. The district court sentenced appellant to serve twelve years in the Nevada State Prison, but suspended the sentence and placed appellant on probation for an indeterminate amount of time not to exceed five years.[1] Further, the district court sentenced appellant to pay $2,368.59 in restitution, to be paid within the first eighteen months of probation, and to pay a $25 administrative fee and a $60 drug analysis fee.

Appellant contends that he was denied a fair trial because a jury instruction expanded the definition of his crime beyond the statutory definition. Specifically, the district court instructed the jury that it should find appellant guilty if it found that appellant intended to sell or distribute a controlled substance. NRS

---

[1]Appellant informs us that his probation was revoked on June 22, 1993, so that he is now serving the underlying sentence.

453.337, under which appellant was convicted, prohibits possession of a controlled substance with intent to sell, but does not mention distribution. Appellant did not object to the instruction at the time of trial.[2] Appellant's entire defense was premised on the argument that he was merely present and never possessed the cocaine. Appellant never argued that he intended to distribute, but not sell, the cocaine, and such argument would have been inconsistent with his chosen defense theory. Therefore, appellant was not prejudiced, and any error in the jury instruction was harmless beyond a reasonable doubt. *See* Guy v. State, 108 Nev. 770, 777-78, 839 P.2d 578, 583 (1992), *cert. denied*, 507 U.S. 1009, 113 S. Ct. 1656 (1993).

Appellant also contends that the erroneous instruction amounted to an untimely and improper new prosecution theory of the case beyond what was alleged in the information. *See* Barren v. State, 99 Nev. 661, 669 P.2d 725 (1983); *see also* Ikie v. State, 107 Nev. 916, 823 P.2d 258 (1991). The state did not argue, however, that appellant intended to distribute the cocaine. The state's theory of the case consistently was that appellant possessed the cocaine with the intent to sell it. Therefore, the improper instruction did not amount to a change in the prosecution's theory of the case under *Barren*.

Further, appellant contends that the prosecutor inflamed the passions of the jury and committed misconduct warranting reversal, even absent a contemporaneous objection, by referring to cocaine as poison. This remark, however, does not constitute prosecutorial misconduct. *See generally* Klein v. State, 105 Nev. 880, 784 P.2d 970 (1989); *cf.* Sipsas v. State, 102 Nev. 119, 125, 716 P.2d 231, 235 (1986). Accordingly, we affirm the judgment of conviction entered in the district court.

SPRINGER, J., dissenting:

The district court instructed the jury that it should find appellant guilty if it found that appellant possessed a controlled substance with the intent to sell or distribute it. NRS 453.337, under which appellant was convicted, prohibits possession of a controlled substance with intent to sell, but does not mention distribution. Specifically, NRS 453.337(1) provides in relevant part that "it is unlawful for any person to possess for the purpose of sale any controlled substance classified in schedule I or II." The

---

[2] Seven days after his trial concluded, appellant filed a motion for a new trial based on the erroneous jury instruction.

instruction is erroneous because it allows the jury to make a finding of guilt based upon conduct not prohibited by statute. *See* NRS 193.050(1) ("No conduct constitutes a crime unless prohibited by some statute of this state . . . ."); Slobodian v. State, 107 Nev. 145, 808 P.2d 2 (1991).

A conviction obtained pursuant to an erroneous jury instruction must be reversed unless the error is harmless beyond a reasonable doubt. Rose v. Clark, 478 U.S. 570, 576 (1986); Guy v. State, 108 Nev. 770, 777-78, 839 P.2d 578, 583 (1992), *cert. denied*, 507 U.S. 1009, 113 S. Ct. 1656 (1993). Such error is harmless only in rare circumstances, such as where there was overwhelming evidence of the defendant's guilt, or where the defendant admitted having the requisite criminal intent. *Guy*, 108 Nev. at 777-78, 839 P.2d at 583; Thompson v. State, 108 Nev. 749, 756, 838 P.2d 452, 457 (1992). Where this court cannot be confident that the error played no role in the jury's deliberations, a defective jury instruction warrants reversal. *See* Corbin v. State, 111 Nev. 378, 382, 892 P.2d 580, 582 (1995) (jury instruction erroneously stated that, to employ the defense of entrapment, the defendant had the burden of proving lack of predisposition); Culverson v. State, 106 Nev. 484, 487-88, 797 P.2d 238, 239-40 (1990) (jury instruction was unclear or misleading regarding permitted use of deadly force in self-defense); Cotter v. State, 103 Nev. 303, 306, 738 P.2d 506, 508 (1987) (quoting NRS 484.3795) (jury instruction omitted the statutory requirement that for conviction of driving while under the influence of a controlled substance one must be under the influence of a controlled substance to a degree that renders him " 'incapable of safely driving or exercising actual physical control of the vehicle' "); Ramos v. State, 95 Nev. 251, 253, 592 P.2d 950, 951 (1979) (district court erroneously instructed the jury that it could find the defendant guilty of attempted murder even if he did not have the intent to kill).

The majority concludes that appellant was not prejudiced by the jury instruction because his defense theory at trial was that he never possessed the cocaine, not that he possessed it and intended to distribute, rather than sell it. The prosecutor specifically told the jury at closing argument, however, that the only issue it need concern itself with was appellant's intent when he possessed the cocaine. The state has the burden of proving a defendant's guilt, not of disproving his defense, and the erroneous jury instruction reduced that burden. Consequently, I cannot be confident that the erroneous jury instruction played no role in the jury's deliberations and was harmless beyond a reasonable doubt.

Appellant's contention that the erroneous jury instruction amounted to prosecution for conduct not charged in the complaint

also has merit, and further compels our determination that appellant's conviction was improperly obtained. *See* Barren v. State, 99 Nev. 661, 668, 669 P.2d 725, 729 (1983); *see also* Ikie v. State, 107 Nev. 916, 919-20, 823 P.2d 258, 261 (1991). Therefore, I would reverse appellant's conviction and remand this matter to the district court for a new trial.