# IN THE SUPREME COURT OF THE STATE OF NEVADA

HAROLD WILSON MARIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67860

**FILED**

MAY 26 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Defendant/appellant Harold Marin appeals his conviction, pursuant to a jury verdict of first-degree murder. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge. We affirm.

### *Tonya Gibson's testimony*

Marin asserts a number of errors marred his trial. First, he complains that the district court abused its discretion in admitting evidence of a prior bad act, his alleged strangling of Tonya Gibson.

The decision to admit or exclude prior bad act evidence lies "within the discretion of the trial court and will not be overturned absent a showing that the decision is manifestly incorrect." *Rhymes v. State*, 121 Nev. 17, 21-22, 107 P.3d 1278, 1281 (2005). Prior bad act evidence, while usually inadmissible, may be admitted for non-propensity purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." NRS 48.045(2). To have such evidence admitted, the State must demonstrate "(1) the prior bad act is relevant to the crime charged and for a purpose other than proving the defendant's propensity, (2) the act is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially

outweighed by the danger of unfair prejudice." *Bigpond v. State*, 128 Nev. 108, 117, 270 P.3d 1244, 1250 (2012). "The question is whether significant similarities remain after the acts are considered in some detail." *Meek v. State*, 112 Nev. 1288, 1294, 930 P.2d 1104, 1108 (1996). And, testimony alone may be enough to establish a prior bad act by clear and convincing evidence. *See Keeney v. State*, 109 Nev. 220, 227-29, 850 P.2d 311, 316-17 (1993) (overruled on other grounds by *Koerschner v. State*, 116 Nev. 1111, 13 P.3d 451 (2000)).

The district court held a *Petrocelli* hearing prior to trial, *see Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985). The Gibson episode had relevance primarily to Marin's sexual assault charge of which the jury eventually acquitted him. At the pretrial *Petrocelli* hearing, the district court found Gibson's testimony believable and that the prior bad act went to modus operandi or common plan or scheme. Reviewing the record, we agree. Certainly, the fact the police did not arrest Marin for assault of Gibson weighs against accepting that the act had been proven by clear and convincing evidence. *Meek*, 112 Nev. at 1294-95, 930 P.2d at 1108. However, Gibson's testimony only differed from her police statement in minor respects, and the he-said/she-said nature of the assault report when it occurred, combined with the lack of injury, explains the police officer's decision not to arrest Marin. The district court is in a better position to evaluate the persuasiveness of Gibson's testimony and did not abuse its discretion when it found the act had been proven by clear and convincing evidence.

The evidence was admitted for non-propensity reasons. As noted, in addition to murder, Marin was charged with sexual assault, a charge he defended by claiming sexual contact with the victim was

consensual. The prior bad act was properly admitted to refute Marin's consent defense. *See Williams v. State*, 95 Nev. 830, 833, 603 P.2d 694, 697 (1979). Regarding Edis' murder, Marin's assault of Gibson shows intent and refutes Marin's claim that the killing was the result of provocation and was not premeditated or deliberate. *Id.* Further, there were striking similarities between the prior bad act and the criminal charges despite the fact they occurred three years apart. The time, method, and other similarities between the two attacks are probative and are substantially outweighed by the danger of undue prejudice. Finally, Marin admitted on the stand that he strangled and killed Edis, so there was never an issue of whether Marin committed the murder; he was acquitted of sexual assault. Thus, the district court did not abuse its discretion, much less commit reversible error, in admitting Gibson's testimony.

*Evidence of Marin's intoxication*

Marin next argues that, in view of the failure of the Boulder City police to collect evidence of his intoxication, the district court should have either dismissed the charges or instructed the jury to presume that such a test would have shown Marin was intoxicated. This court reviews a district court's refusal to grant a motion in dismiss for abuse of discretion. *Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). And, we review a district court's refusal to give a jury instruction based upon failure to collect evidence for abuse of discretion. *See Higgs v. State*, 126 Nev. 1, 21, 222 P.3d 648, 661 (2010). Here, evidence of Marin's intoxication had potential value to Marin because first-degree murder requires specific intent, *Riker v. State*, 111 Nev. 1316, 1325, 905 P.2d 706, 712 (1995),

which voluntary intoxication may negate. *Daniels v. State*, 114 Nev. 261, 266, 956 P.2d 111, 115 (1998).

In determining whether sanctions are appropriate when police fail to collect potentially exculpatory evidence, this court applies a two-step test. *Id.* at 268, 956 P.2d at 115. First, the court must determine whether the lost "evidence was 'material,' meaning that there is a reasonable probability that, had the evidence been available to the defense, the result of the proceedings would have been different." *Id.* at 267, 956 P.2d at 115. If the first test is met, then it must be determined if "the failure to gather evidence was the result of mere negligence, gross negligence, or a bad faith attempt to prejudice the defendant's case." *Id.*

The corresponding remedy depends on the police's behavior. If the police were merely negligent, no sanctions are imposed, though cross-examination on the loss is allowed. *Id.* If the police were grossly negligent, the defendant "is entitled to a presumption that the evidence would have been unfavorable to the State." *Id.* And, if the police acted in bad faith, the "dismissal of the charges may be an available remedy based upon an evaluation of the case as a whole." *Id.*

The evidence is material: if the tests showed Marin's intoxication, the jury could have found that Marin lacked the intent to commit first-degree murder. But we see no evidence of negligence, much less gross negligence or bad faith, and neither did the district court Rather, while the officer who pulled Marin over was initially concerned about his possible intoxication, subsequent facts and observations led the officer to believe that Marin was not intoxicated. Because Marin denied he had been drinking, and because the officer's subsequent observations led him to believe that Marin was sober, we hold the police did not act

negligently. Thus the district court did not abuse its discretion by denying Marin's motion to dismiss and not instructing the jury to presume intoxication based on the police's failure to collect physical evidence of his intoxication.

*Marin's two expert witnesses*

Marin posits that the district court committed reversible error when it prohibited his two expert witnesses from testifying. While we find error in the exclusion of one expert, the exclusion was harmless.

"Whether expert testimony will be admitted, as well as whether a witness is qualified to be an expert, is within the district court's discretion, and this court will not disturb that decision absent a clear abuse of discretion." *Mulder v. State*, 116 Nev. 1, 12-13, 992 P.2d 845, 852 (2000). "[B]efore a witness may testify as to his or her expert opinion, the district court must first determine that the witness is indeed a qualified expert." *Id.* at 13, 992 P.2d at 853. "The district court is better suited to rule on the qualifications of persons presented as expert witnesses and we will not substitute our evaluation of a witness's credentials for that of the district court absent a showing of clear error." *Id.* (internal quotation marks omitted). Expert witnesses are permitted when the expert's specialized knowledge will assist the jury "to understand the evidence or to determine a fact in issue." NRS 50.275. In these circumstances, we review any error as a nonconstitutional trial error, and "will reverse only if the error substantially affects the jury's verdict." *Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008).

The first expert, one in public health and prostitution, was excluded because the district court viewed his testimony as not relevant. This was error; whether Marin and Edis were involved in consensual

sexual contact which was part of a prostitution transaction was certainly relevant to the sexual assault charge. However, Marin was acquitted of sexual assault, and thus the exclusion was harmless.

The second expert, one in chemistry regarding the synthesis and study of psychoactive drugs, was excluded on the grounds that she was not an expert. The expert had not done any studies or research into how cocaine and alcohol interact and affect the human body, which was expected to be the focus of her testimony. While certainly a close call, because the district court was in a better position to rule upon the expert's credentials, it was not an abuse of discretion for the district court to exclude her testimony.

*Voluntary manslaughter jury instruction*

Marin argues that the district court committed plain error by not recognizing that the voluntary manslaughter instruction failed to inform the jury that the State had the burden to prove lack of irresistible passion beyond a reasonable doubt. But Marin did not object to the jury instruction and did not offer an alternative. "The district court has broad discretion to settle jury instructions . . . ." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). "Failure to object to or request a jury instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect the defendant's right to a fair trial." *McKenna v. State*, 114 Nev. 1044, 1052, 968 P.2d 739, 745 (1998).

A voluntary manslaughter jury instruction must contain a statement that the State is required "to prove the absence of heat of passion upon sufficient provocation" beyond a reasonable doubt if the defense requests it. *Crawford*, 121 Nev. at 754, 121 P.3d at 589. But,

"when jury instructions, as a whole, correctly state the law, it will be assumed that the jury was not misled by any isolated portion." *Harrison v. State*, 96 Nev. 347, 350, 608 P.2d 1107, 1109 (1980).

The jury instructions, when viewed as a whole, read that the State must prove each element of the offense charged beyond a reasonable doubt. Further, the jury instructions were not so misleading they deprived Marin of a fair trial. And while *Crawford* requires a burden of proof statement, it is only required if the defense requests it. 121 Nev. at 754, 121 P.3d at 589. They did not, and thus there was no plain error.

### Sufficiency of the evidence

Marin asserts that there was insufficient evidence to prove he acted with premeditation and deliberation. Upon appeal, the question "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Middleton v. State*, 114 Nev. 1089, 1103, 968 P.2d 296, 306 (1998) (internal quotation marks omitted). "Evidence of premeditation and deliberation is usually indirect, and circumstantial evidence may constitute sufficient evidence." *Mulder*, 116 Nev. at 15, 992 P.2d at 854 (citing *Briano v. State*, 94 Nev. 422, 425, 581 P.2d 5, 7 (1978)).

First-degree murder "is the unlawful killing of a human being . . . [w]ith malice aforethought," NRS 200.010(1), when the defendant perpetrated the murder through "deliberate and premeditated killing," or was committed during a sexual assault. NRS 200.030(1)(a)-(b).

> Willfulness is the intent to kill. . . . Deliberation is the process of determining upon a course of action to kill as a result of thought, including weighing the reasons for and against the action and considering the

> consequences of the action. . . . Premeditation is a design, a determination to kill, distinctly formed in the mind by the time of the killing.

*Byford v. State*, 116 Nev. 215, 236-37, 994 P.2d 700, 714 (2000).

Marin admitted to strangling and killing Edis. The question, then, is whether there was sufficient evidence to support the jury's determination that Marin acted willingly, with deliberation and premeditation. There was. Evidence introduced at trial showed that while Edis may have been rendered unconscious within fifteen seconds of the start of strangulation, it would have taken up to five minutes to kill her. This time period is sufficient evidence for the jury to have concluded that Marin acted willingly with deliberation and premeditation. *See Leonard v. State*, 117 Nev. 53, 76, 17 P.3d 397, 411 (2001).

### Cumulative error

Finally, Marin details a long list of errors in addition to those above that he argues, when viewed cumulatively, warrant a new trial. Individually harmless errors may be cumulatively harmful and warrant reversal. *See Valdez*, 124 Nev. at 1195, 196 P.3d at 481. This court considers "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Id.* (internal quotation marks omitted). We analyze whether the defendant was denied a fair trial when all cumulative error is considered. *Id.* at 1198, 196 P.3d at 482.

Marin cites to his numerous objections to the State's cross-examination of him. However, the district court sustained these objections; thus, they are not errors to be analyzed under the cumulative

error standard.[1] This leaves as the only error to analyze the harmless exclusion of Marin's expert public health witness. A single error does not amount to cumulative error. The cumulative error standard could not be met in this case in any event, given the overwhelming evidence of Marin's guilt, including the fact that Marin admitted to strangling and killing Edis, and the seriousness of the offense involved.

## CONCLUSION

We have considered all arguments not specifically addressed above and hold they do not warrant reversal. We therefore ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Jessie Elizabeth Walsh, District Judge
Special Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Although Marin does not make this argument, we do not consider the prosecutor's improper questions that were not objected to so prejudicial to warrant a new trial under the plain error standard.