IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRIUS ROBINSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76775

FILED

DEC 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in possession of a deadly weapon and robbery with use of deadly weapon. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. Appellant Darrius Robinson raises numerous issues on appeal.

*Robinson's Batson challenge*

First, Robinson argues that the State exercised a peremptory challenge in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). Proving a *Batson* violation involves a three-step process:

> (1) the opponent of the peremptory challenge must make out a prima facie case of discrimination, (2) the production burden then shifts to the proponent of the challenge to assert a neutral explanation of the challenge, and (3) the trial court must then decide whether the opponent of the challenge has proved purposeful discrimination.

*Ford v. State*, 122 Nev. 398, 403, 132 P.3d 574, 577 (2006). Here, the first step of the *Batson* analysis became moot when the district court sought a race-neutral explanation from the State under step two. *See Doyle v. State*, 112 Nev. 879, 888, 921 P.2d 901, 907 (1996) (citing *Hernandez v. New York*,

19-50417

500 U.S. 352, 359 (1991)), *overruled on other grounds by Kaczmarek v. State,* 120 Nev. 314, 333, 91 P.3d 16, 29 (2004).

Turning to the second and third steps, the State explained that it struck Prospective Juror No. 634 because of his body language and demeanor, specifically that he laughed during questioning and seemed to be "defense-oriented." Robinson then presented several arguments to establish discriminatory intent. The district court had observed the prospective juror's demeanor and considered the challenge appropriate. After reviewing the record, we conclude the district court did not err by denying Robinson's *Batson* challenge. *See Williams v. State,* 134 Nev., Adv. Op. 83, 429 P.3d 301, 308 (2018) ("Because the district court interacts with the juror and the prosecutor, and sees their interactions first-hand, an appellate court defers to the district court's demeanor determinations.").

*Insufficient evidence*

Robinson next argues that insufficient evidence supports the deadly weapon element of both crimes. We disagree. When reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. State,* 443 U.S. 307, 319 (1979); *Origel-Candido v. State,* 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). Here, the victim testified that Robinson revealed a gun in his waistband after demanding money and identified it as an automatic pistol. A victim's testimony regarding a weapon is sufficient to prove the deadly weapon element. *See Harrison v. State,* 96 Nev. 347, 351, 608 P.2d 1107, 1109-10 (1980). Thus, a rational fact-finder could have found the deadly weapon element beyond a reasonable doubt.

*Detective Miller's testimony*

Robinson complains that Detective Miller offered improper expert opinion testimony. We disagree. In determining whether a witness is offering lay or expert testimony, we must answer the question, "does the testimony concern information within the common knowledge of or capable of perception by the average layperson or does it require some specialized knowledge or skill beyond the realm of everyday experience?" *Burnside v. State*, 131 Nev. 371, 382-83, 352 P.3d 627, 636 (2015).

Here, Detective Miller testified as a lay witness based on his personal observations regarding the investigation. *See* NRS 50.265. First, Detective Miller testified that he did not request a crime scene analyst because he did not believe the scene would yield fingerprints. Second, he explained he did not show one witness the photographic lineup because he believed the witness would not be able to identify the suspect. These are reasonable inferences based on Detective Miller's observations of the crime scene and helped the jury understand his decisions. *See id.* Finally, Detective Miller testified that he believed three different images all depicted Robinson based on his investigation and interview with Robinson at the time of the crime. During the interview, Detective Miller had the opportunity to closely observe Robinson's facial features. Thus, there is a reasonable basis for concluding that he would be more likely to recognize Robinson in the images than the jury. *See Rossana v. State*, 113 Nev. 375, 380, 934 P.2d 1045, 1048 (1997) (providing that a lay witness's opinion testimony "regarding the identity of a person depicted in surveillance photograph" is admissible "if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury." (internal quotation marks omitted)).

 

Therefore, we conclude the district court did not abuse its discretion by admitting Detective Miller's testimony.

Moreover, even assuming error, it did not prejudice Robinson's substantial rights in light of the other evidence supporting his guilt. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) (relief warranted "only if the error substantially affects the jury's verdict"); *Lord v. State*, 107 Nev. 28, 33, 806 P.2d 548, 551 (1991) (holding that a detective's improper expert testimony did not prejudice the defendant's substantial rights in light of "other strong evidence of guilt").

*Jury instructions*

Robinson argues the district court made eight errors during the settling of jury instructions. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). Whether an instruction correctly states the law presents a legal question that is reviewed de novo. *Nay v. State*, 123 Nev. 326, 330, 167 P.3d 430, 433 (2007).

First, Robinson contends the district court erred by instructing the jury that the State was not required to have recovered a deadly weapon or produce a deadly weapon in court in order to prove the use of a deadly weapon in the commission of a crime. We disagree. *See Harrison*, 96 Nev. at 350-51, 608 P.2d at 1109-10 (finding a similar instruction proper).

Second, Robinson contends the district court erred in expanding the definition of "firearm" under NRS 202.253(2) to include a pneumatic gun and a device used to mark a person. We agree but conclude this error is harmless beyond a reasonable doubt. The State consistently alleged Robinson used a firearm during the robbery, and no evidence was presented that Robinson used a pneumatic gun or a device used to mark a person.

Thus, the instruction's inclusion of that language did not affect the jury's verdict. *See Donald v. State*, 112 Nev. 348, 349-50, 913 P.2d 655, 656 (1996) (holding that an instruction expanding a definition beyond the statutory language is harmless when it does not affect the theories presented to the jury).

Third, Robinson contends the district court erred by not giving his proffered instruction on two reasonable interpretations of the evidence. We disagree. It is not an abuse of discretion to reject the two-reasonable-interpretations-of-the-evidence instruction if, as here, the jury is properly instructed on reasonable doubt. *See, e.g., Bails v. State*, 92 Nev. 95, 96-98, 545 P.2d 1155, 1155-56 (1976).

Fourth, Robinson contends the district court erred by not giving his proffered directed verdict instruction informing the jury that the State failed to prove the deadly weapon elements. We disagree. "The granting of an advisory instruction to acquit rests within the sound discretion of the district court." *Middleton v. State*, 114 Nev. 1089, 1105, 968 P.2d 296, 307 (1998); *see* NRS 175.381(1). We conclude it was not an abuse of discretion to send the issue to the jury.

Fifth, Robinson contends the district court erred by giving a flight instruction. We disagree. "[A] district court may properly give a flight instruction if the State presents evidence of flight and the record supports the conclusion that the defendant fled with consciousness of guilt and to evade arrest." *Rosky v. State*, 121 Nev. 184, 199, 111 P.3d 690, 699-700 (2005). Because a flight instruction is potentially prejudicial, "this court carefully scrutinizes the record to determine if the evidence actually warranted the instruction." *Weber v. State*, 121 Nev. 554, 582, 119 P.3d 107, 126 (2005), *overruled on other grounds by Farmer v. State*, 133 Nev. 693,

405 P.3d 114 (2017). Here, a witness observed an individual running from the scene and discarding pieces of his clothing. The district court specifically found that evidence supported the instruction. After reviewing the record, we conclude the district court did not abuse its discretion.

Sixth, Robinson contends the district court erred by not giving his proffered mere presence instruction. The district court gave an accurate mere presence instruction; thus, we conclude the district court did not abuse its discretion. *See Walker v. State*, 113 Nev. 853, 869, 944 P.2d 762, 772 (1997) ("It is not error not to give the defendant's proposed instruction on 'mere presence' when the actual instruction adequately covers the law.").

Seventh, Robinson contends the district court erred by not giving his proffered adverse presumption instruction informing the jury that uncollected evidence is irrebuttably presumed to be favorable to the defense under *Sanborn v. State*, 107 Nev. 399, 407-08, 812 P.2d 1279, 1285-86 (1991). We disagree. Here, Robinson sought the instruction because Detective Miller did not collect a backpack discarded by the robber. To warrant Robinson's proposed instruction, he must show gross negligence by law enforcement. *See Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998). The district court concluded that Robinson showed mere negligence in the failure to collect the backpack and rejected the instruction. *See id.* ("When mere negligence is involved, no sanctions are imposed, but the defendant can still examine the prosecution's witnesses about the investigative deficiencies."). We conclude the record does not show gross negligence by law enforcement in not collecting the backpack. Thus, the district court did not abuse its discretion by rejecting Robinson's proposed instruction.

Eighth, Robinson contends the district court erred by not giving his proffered curative instruction informing the jury that Detective Miller testified as a lay witness. Because Detective Miller testified as a lay witness we conclude the district court did not err by rejecting the proposed instruction.

*Photographic lineup*

Robinson argues the district court erred in not suppressing two witnesses' out-of-court identifications from a photographic lineup because the process was unduly suggestive. We disagree. "[A] photographic identification must be set aside 'only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" *Cunningham v. State*, 113 Nev. 897, 904, 944 P.2d 261, 265 (1997) (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)).

Here, Robinson contends that suppression was warranted because the six-pack color photographic lineup was unduly suggestive when only Robinson was depicted with dyed hair. The district court found that under the totality of the circumstances the lineup was not impermissibly suggestive and denied the motion to suppress. After reviewing the record, we conclude the district court did not err in this regard. Moreover, even assuming error, the victim testified that Robinson wore a hat during the robbery, and another identifying witness testified that he knew Robinson by sight based on prior interactions. Thus, the hair color depicted in the photographic lineup did not unduly influence the witnesses' identifications.

*Evidentiary rulings*

Robinson argues the district court erroneously admitted hearsay evidence and evidence of Robinson's nickname, "Saavage." "[A] district court's decision to admit or exclude evidence [is reviewed] for an

abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Robinson elicited evidence of the witness's inconsistent description of the robber, and there was an implication that his testimony had been influenced by viewing the surveillance footage of the robbery with the prosecution. The district court then admitted the witness's voluntary written statement and hearsay statements to Detective Miller to rehabilitate the witness. *See Runion v. State*, 116 Nev. 1041, 1052, 13 P.3d 52, 59 (2000) (explaining the elements for admitting prior consistent statements). Robinson had an opportunity to cross-examine the witness regarding the statements. Thus, we conclude the district court did not abuse its discretion.

Next, we are not persuaded by Robinson's argument that admission of his nickname prejudicially led the jury to infer he is violent. Additionally, the nickname was relevant to the issue of identification. *See* NRS 48.025(2). Therefore, we conclude the district court did not abuse its discretion by admitting evidence of Robinson's nickname.

*Prosecutorial misconduct*

Robinson argues prosecutorial misconduct warrants reversal. In reviewing claims of prosecutorial misconduct, this court must determine whether the prosecutor's conduct was improper and, if so, whether the conduct warrants reversal. *Valdez*, 124 Nev. at 1188, 196 P.3d at 476.

Here, Robinson objected to the prosecution referring to the defense theory as an "angle."[1] This court has been "critical of the

---

[1]Robinson failed to object to the other alleged instances of misconduct, and we conclude they do not rise to the level of plain error. *See* NRS 178.602 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

prosecution for disparaging legitimate defense tactics." *Barron v. State*, 105 Nev. 767, 780, 783 P.2d 444, 452 (1989). While improper, this comment alone does not warrant reversal. *See Thomas v. State*, 120 Nev. 37, 47, 83 P.3d 818, 825 (2004) (explaining that a prosecutor's comments "should be considered in context, and 'a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone.'" (quoting *United States v. Young*, 470 U. S. 1, 11 (1985)). Moreover, the district court admonished the prosecutor to be aware of word choice and focus his argument on the evidence. *See Barron*, 105 Nev. at 780, 783 P.2d at 452 ("The appropriate way to comment, by the defense or the State, is simply to state that the prosecution's case or the defendant is not credible and then to show how the evidence supports that conclusion.").

*Cumulative error*

Finally, Robinson argues that cumulative error warrants reversal.[2] We disagree. "When evaluating a claim of cumulative error, we consider the following factors: '(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged.'" *Valdez*, 124 Nev. at 1195, 196 P.3d at 481. The issue of guilt is not close. The State presented video surveillance of the robbery, and the victim identified Robinson as the robber and testified that he displayed a firearm during the robbery. The errors discussed above are neither numerous nor egregious. And robbery and burglary charges are grave but

---

[2]We have also considered and reject Robinson's confession of error arguments, and his argument that the district erred by not issuing sanctions for alleged discovery violations.

not the most heinous. Therefore, we conclude reversal is not warranted. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Cadish

_____, Sr. J.
Douglas

cc:    Hon. Douglas W. Herndon, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.